MORLEY CYPRESS TRUST, SCHEDULE "B", ABIGAIL M. MORGANA AND W. H. MORLEY, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MORLEY CYPRESS TRUST, SCHEDULE "A", W. H. MORLEY AND ABIGAIL M. MORGANA, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TRUST FOR THE BENEFIT OF MINNIE A. PAGE ET AL., U/W OF LAWRENCE M. MORLEY, GENESEE VALLEY TRUST COMPANY AND JOHN P. MORSE, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 112196, 112197, 112511. Promulgated January 19, 1944.

*Arthur L. Evely, Esq.*, for the petitioner.
*Paul A. Sebastian, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge*: The following deficiencies were determined in the petitioners' income taxes for 1938 and 1939:

| | |
|---|---|
| Morley Cypress Trust, Schedule "A" for 1938 | $5,279. 01 |
| Morley Cypress Trust, Schedule "B" for 1938 | 9,241. 71 |
| Minnie A. Page Trust, for 1938 | 11,246. 82 |
| Minnie A. Page Trust, for 1939 | 94. 44 |

The only proposition which remains in controversy is petitioners' contention that their receipt in 1938 of shares of the Southern Land Products Co. was in a reorganization and therefore free from the recognition of gain. Sec. 112 (b) (3), Revenue Act of 1938. Other than a few which in our view do not affect the determination of the issue,

all of the facts are stipulated and special findings are therefore unnecessary.

The taxpayers were the equal owners of all (3,428) the shares (except two) of the Morley Cypress Co. This corporation, a timber corporation of West Virginia, having in 1926 completed its timber operations, resolved to discontinue and surrender its franchises. In that year the Secretary of State of West Virginia declared its dissolution to be authorized. Thereupon the corporation through its liquidating directors proceeded to distribute substantially all of its assets except 16,000 acres of cut-over low, swampy, and inaccessible land, for which there was no market. Liquidating distributions were made in 1935, 1937, and 1938.

In 1938 oil was discovered on the 16,000 acres, and the Southern Land Products Co. was organized. Its 85,700 shares were issued to the Morley shareholders, twenty-five for one, and the Morley corporation transferred all its assets, except the cash necessary to pay its taxes and other liabilities, to the Southern corporation. The shareholders of the Morley corporation surrendered their shares to that corporation for cancellation. In 1939 the remaining cash of $1,885.40 was distributed to the shareholders. Thus these taxpayers, having been the holders of all the shares of the Morley corporation, the property of which was the 16,000 acres, held in the same relative proportions all the shares of the Southern Land Products Co., the property of which was the identical property which had theretofore been owned by the Morley corporation.

The case is presented as if the question to be decided were whether the acquisition by the taxpayers of the Southern Land shares from the Morley corporation was by way of distribution in liquidation or in a statutory reorganization, the Commissioner directing his argument to showing that the acquisition was one in liquidation and the taxpayers that it was in a reorganization exchange. That, however, is in our judgment, not the determinative question, for both may be correct, as we think they are, and the crucial question will still remain for decision, whether the undisputed gain realized by the taxpayers is one which the statute requires to be recognized. Generally speaking, all gains are recognized and must be included in the taxpayers' gross income (sec. 112) ; and only those specially described in the exceptions escape recognition.

We regard it as beyond doubt that the Morley Cypress corporation continued in 1938 to be in process of liquidation, even though its situation had changed by the discovery of oil on its remaining property and a method of disposing of its properties was devised different from that theretofore contemplated. It was, nevertheless, still in process of liquidating all its assets, but, instead of distributing either the assets in kind or the proceeds from their sale directly to its share-

holders, a clear method whereby the shareholders would enjoy a realization of gain upon which they would incur liability for tax, it devised a reorganization, by which the shareholders merely changed the form of their evidence of interest in the same property as the Morley corporation had held. The fact that the exchange by the shareholders of their old shares for new was an incident of the liquidation of the old corporation did not deprive the exchange of the character of a reorganization exchange, which in truth it was. We know of no rule of law which requires that a reorganization, otherwise within any of the definitions of section 112 (g) (1), is not to be so regarded because it occurs in the progress of a liquidation. *Love* v. *Commissioner*, 113 Fed. (2d) 236; cf. *Anna V. Gilmore*, 44 B. T. A. 881. Certainly the statute contains no such express restriction. The recognized purpose and scheme of the reorganization provisions is to omit from tax a change in form and to postpone the tax until there is a change in substance or a realization in money. *Commissioner* v. *Estate of Gilmore*, 130 Fed. (2d) 791. Here the taxpayers, while they held the Morley shares had only proportionate shareholder interests in the 16,000 acres of cut-over timber land which contained, or potentially contained, oil; and by the surrender of their Morley shares in the exchange for Southern Land shares, they continued to own the same proportionate interests in the same property, but received nothing more of substance (except the small amount of cash, which they do not contest). In this, we see no reason to treat the transaction as solely a distribution in liquidation carrying a recognition of gain, and to disregard the fact that it was a reorganization exchange, the gain in which the statute expressly says shall not be recognized.

The determination in each case is reversed.

*Decisions will be entered under Rule 50.*