**TOKLAN ROYALTY CORPORATION v. JONES, Collector of Internal Revenue.**

Civil Action No. 1308.

District Court, W. D. Oklahoma.

Oct. 31, 1944.

968

I. J. Underwood, Paul Pinson, and M. C. Rodolf, all of Tulsa, Okl., and Clyde H. Hale, of Oklahoma City, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

### Findings of Fact.

The Court finds:

1. The facts as stipulated by the parties.

2. Imperial Royalties Company on December 1, 1936, was a statutory business trust organized under the laws of Oklahoma, engaged in a general oil and gas royalty business, with approximately 9600 shareholders and with a period of life expiring, under the limitations of the Trust Agreement, as Amended, on December 1, 1940.

3. Toklan Royalty Corporation is a corporation organized under the laws of the State of Delaware, having been created pursuant to a proposed Plan for the transfer to it of the principal assets of Imperial Royalties Company and has, under the terms of its Certificate of Incorporation, as Amended, perpetual existence. It offered its capital stock for subscription only to shareholders of Imperial Royalties Company and it was created to furnish a corporate vehicle to shareholders of Imperial Royalties Company pursuant to which they might continue to own their respective proportionate interests in the assets transferred to Toklan Royalty Corporation through the ownership of capital stock in Toklan Royalty Corporation.

4. Imperial Royalties Company transferred its principal assets and properties to sets of Imperial Royalties Company on April 15, 1940, pursuant to the Plan for the transfer of certain assets to Toklan Royalty Corporation, and on that date 75.5% of the shareholders of Imperial Royalties Company had subscribed to shares of stock in Toklan Royalty Corporation, offered pursuant to said Plan, and 75.5% of the shareholders in Imperial Royalties Company owned, on said date, 100% of the outstanding capital stock of Toklan Royalty Corporation, of all authorized classes. No person who was not a shareholder in Imperial Royalties Company owned any of the outstanding capital stock of Toklan Royalty Corporation on said date.

5. Additional shares of Series B stock were offered to shareholders of Imperial Royalties Company after April 15, 1940, pursuant to said Plan, and at the time of closing the subscription books of Toklan Royalty Corporation on September 9, 1940, shareholders of Imperial Royalties Company owned all of the outstanding stock, either Series A or Series B, of Toklan Royalty Corporation and owned, collectively, 80.05 per centum of all of the authorized shares of stock of every class offered by Toklan Royalty Corporation for subscription. No person other than a shareholder of Imperial Royalties Company owned any of the outstanding capital stock of Toklan Royalty Corporation and the shareholders of Imperial Royalties Company were in complete corporate control, as the owners of all of the outstanding capital stock of Toklan Royalty Corporation, of the corporation and its affairs as of April 15, 1940, and as of September 9, 1940, the date of the last subscription to capital stock of Toklan Royalty Corporation.

6. Shareholders in Imperial Royalties Company who did not exercise their option to subscribe to capital stock of Toklan Royalty Corporation offered to them, were paid by the Trustees of Imperial Royalties Company their proportionate appraised cash value of the assets transferred by Imperial Royalties Company to Toklan Royalty Corporation, the funds therefor being supplied to Imperial Royalties Company by Toklan Royalty Corporation under the terms and provisions of the Plan.

### Conclusions of Law.

■ (a) The acquisition of certain assets of Imperial Royalties Company by,

Toklan Royalty Corporation was an acquisition pursuant to a plan of reorganization as defined by Section 112(g) (1) (D), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 112(g) (1) (D).[1]

■ (b) Shareholders of Imperial Royalties Company, the transferor, were in control of Toklan Royalty Corporation, the transferee, immediately after the transfer within the definition of control in Section 112(h), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 112(h).[2]

■ (c) The transaction pursuant to which Toklan Royalty Corporation acquired certain of the assets of Imperial Royalties Company was a non-taxable transaction and the basis of the properties acquired by Toklan Royalty Corporation from Imperial Royalties Company, for Federal income tax purposes, was the same as it would have been in the hands of Imperial Royalties Company had it retained such properties.[3]

(d) The defendant, H. C. Jones, had probable and reasonable cause for demanding and collecting from plaintiff the internal revenue taxes and interest for the refund of which this suit is maintained.

(e) Plaintiff is entitled to judgment against the defendant for $1,634.24, with interest thereon from September 28, 1942, as provided by law.

[1] Sec. 112(g) (1) (D): "Definition of reorganization. As used in this section and section 113:

\* \* \* \* \* \*

"(D) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, \* \* \*."

[2] Sec. 112(h): "Definition of control—

"As used in this section the term 'control' means the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation."

[3] Sec. 113(a) (7) (B), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 113(a) (7) (B):

"Sec. 113. Adjusted basis for determining gain or loss.

"(a) Basis (Unadjusted) of property. The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \*

"(7) Transfers to corporation. If the property was acquired—

\* \* \* \* \* \*

"(B) in a taxable year beginning after December 31, 1935, by a corporation in connection with a reorganization,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer."