221 F.2d 252
 55-1 USTC P 9335
 Ernest F. BECHER, Petitioner on Review,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.
Chester H. KENT, Petitioner on Review,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.
Lois S. DOREMUS, as Executrix of the Will of Howard I.
Doremus, deceased, Petitioner on Review.
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.
 Nos. 202, 203, 204, Dockets 23332, 23333, 23334.
 United States Court of Appeals Second Circuit.
 March 16, 1955.
Decided March 31, 1955.
 
 Daniel G. Yorkey, Buffalo, N.Y., for petitioners on review.
 H. Brian Holland, Ellis N. Slack, Hilbert P. Zarky and Grant W. Wiprud, Washington, D.C., for respondent.
 Before CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, District judge.
 FRANK, Circuit Judge.
 
 
 1
 Taxpayers appeal from a decision of the Tax Court of the United States, 22 T.C. 932, holding that cash distributions received by them were taxable as ordinary income, pursuant to I.R.C. § 115(g), 26 U.S.C.A. § 115(g). Petitioners had all owned stock in the Sponge-Aire Seat Co., Inc., which had been in the sponge rubber and canvas-product manufacturing business, particularly active during the war. After the war, it was decided to enter into the manufacture of upholstered furniture, and Chandler Industries, Inc., was formed. Sponge-Aire was left with just enough assets to cover the liabilities it retained; 25.33% of its assets and 9.1% of its liabilities were transferred to Chandler. All the Chandler stock was distributed pro rata to the Sponge-Aire stockholders. About the same time, the Sponge-Aire stockholders received a cash distribution of $500 per share. It is this distribution which is at issue here. The facts are more fully stated in the opinion of the Tax Court.
 
 
 2
 The Tax Court found that the organization of Chandler was a reorganization under Sec. 112(g), 26 U.S.C.A. § 112(g), so that, under Sec. 112(b)(3), no tax was now due on the receipt of the Chandler stock for the Sponge-Aire shares. Taxpayers argue that this was incorrect under the doctrine of Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596. That case demanded a business purpose for the reorganization, but the Tax Court here correctly held that a business purpose does not require an indentity of business before and after the reorganization. Thus the fact that Chandler products are not the same as Sponge-Aire products is irrelevant. Nor should it be of importance that a partial liquidation accompanied the reorganization. There is no such limitation in the statute and we should not interpolate one.
 
 
 3
 The next question, then, is whether the cash distributions, admittedly out of earnings and profits, are taxable as ordinary income under Secs. 112(c)(2) or 115(g), or as capital gains under Sec. 115(c) and Sec. 117,26 U.S.C.A. § 117. The Tax Court held that they were not within Sec. 112(c), since they were not 'in pursuance of' the reorganization, which, so it held, related solely to the stock, the cash distributions being merely 'incidental to the plan of liquidation' and constituting a 'separate partial distribution.' But the Tax Court held they came within Sec. 115(g) because they were 'essentially equivalent to' the distributions of taxable dividends, and thus taxable as ordinary income.
 
 
 4
 We think the distributed cash is covered by Sec. 112(c)(2): It resulted directly from, and as a very part of, and was therefore, we think, clearly in 'pursuance of,' the reorganization. To break up the transaction into distinct steps, as the Tax Court did, is, we think, to artificialize what actually occurred.
 
 
 5
 Affirmed.